IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **PHILLIP MICHAEL ROSE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) No. 3:22-cv-00046 |
| v. | ) |
| | ) Judge Trauger |
| **RUTHERFORD COUNTY SHERIFF'S OFFICE,** *et al.,* | ) |
| | ) |
| **Defendants.** | ) |

**MEMORANDUM OPINION**

Phillip Michael Rose, #487004, an inmate of the Rutherford County Sheriff's Office in Murfreesboro, Tennessee, filed a pro se, in forma pauperis complaint under 42 U.S.C. § 1983 against the Rutherford County Sheriff's Office, the Rutherford County Adult Detention Center, and Rudd Medical, alleging violations of his civil rights. (Doc. No. 1).

The complaint is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

**I.    PLRA Screening Standard**

Under 28 U.S.C. § 1915(e)(2)(B), a court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id*. § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id*. § 1915A(b).

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

A court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## II. Section 1983 Standard

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.,* 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

## III. Alleged Facts

The complaint alleges that the plaintiff became an inmate of the Rutherford County Adult Detention Center on November 19, 2021. At that time, he informed the medical staff of a month-old injury "to [his] urinary system" and signed the necessary release forms for the medical staff to access his outside medical records. (Doc. No. 1 at 6). Since his arrival, the plaintiff has told the medical staff weekly that he feels his injury is worsening and/or healing improperly and that he is in pain. The medical staff prescribed a diuretic for the plaintiff. They took an ultrasound on December 27, 2021 and, as of January 10, 2022, the plaintiff has not been notified of the results. Neither has the plaintiff been seen by a doctor. The plaintiff continues to experience pain while urinating and fears long-term damage from the failure to treat his problem in a timely manner.

The complaint also alleges that the plaintiff's "right to health and safety was violated by being confined in a cell with another man in which the toilet did not flush, forcing [the plaintiff] to eat no further than 3 meters from human waste." (*Id.*)

**IV.     Analysis**

The complaint names three defendants to this action: the Rutherford County Sheriff's Office, the Rutherford County Adult Detention Center, and Rudd Medical. The complaint alleges that these defendants failed to provide the plaintiff with appropriate and timely medical treatment for his painful urinary condition.

First, with respect to the plaintiff's claims against the Rutherford County Sheriff's Office, a sheriff's department is not an entity capable of being sued under 42 U.S.C § 1983. *See, e.g.*, *Durham v. Estate of Gus Losleben*, No. 16-1042-STA-egb, 2017 WL 1437209, at *2 (W.D. Tenn. Apr. 21, 2017); *McKinney v. McNairy Cnty., Tenn.*, 1:12-CV-01101, 2012 WL 4863052, at *3 (W.D. Tenn. Oct. 11, 2012); *Newby v. Sharp*, 3:11-CV-534, 2012 WL 1230764, at *3 (E.D. Tenn. Apr. 12, 2012); *Mathes v. Metro. Gov't of Nashville and Davidson Cnty.*, No. 3:10-CV-0496, 2010 WL 3341889, at *2 (M.D. Tenn. Aug. 25, 2010). Thus, the complaint fails to state claims upon which relief can be granted under Section 1983 against the Rutherford County Sheriff's Office. These claims will be dismissed.

Likewise, the Rutherford County Adult Detention Center is not a "person" who can be sued under 42 U.S.C. § 1983. *Cf. Fuller v. Cocran*, No. 1:05-CV-76, 2005 WL 1802415, at *3 (E.D. Tenn. July 27, 2005) (dismissing Section 1983 claims against the Bradley County Justice Center on the same basis); *Seals v. Grainger County Jail*, No. 3:04CV606, 2005 WL 1076326, at *1 (E.D. Tenn. May 6, 2005) ("The Grainger County Jail, however, is not a suable entity within the meaning of § 1983."). The complaint therefore fails to state a claim upon which relief can be granted against the Rutherford County Adult Detention Center, and all claims against the Rutherford County Adult Detention Center will be dismissed.

It appears that Rudd Medical is the entity responsible for providing medical care to inmates at the Rutherford County Adult Detention Center. Because Rudd Medical performs a traditional state function in providing medical care to state inmates, Rudd Medical acts under the color of state law and is capable of being sued under Section 1983. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). For Rudd Medical to be liable under Section 1983, the plaintiff must allege that there is a direct causal link between a policy or custom of Rudd Medical and the alleged constitutional violation. *See Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691 (1978). In other words, Rudd Medical may be liable under Section 1983 "if its official policies or customs resulted in injury to the plaintiff." *O'Brien v. Mich. Dep't of Corr.*, 592 Fed. Appx. 338, 341 (6th Cir. 2014); *see also Mason v. Doe*, No. 3:12CV-P794-H, 2013 WL 4500107, at *1 (W.D. Ky. Aug. 21, 2013) (collecting cases) ("a private corporation may be liable under § 1983 when an official policy or custom of the corporation causes the alleged deprivation of a federal right").

Section 1983 does not permit the imposition of liability based upon *respondeat superior*. *See Street*, 102 F.3d at 818. Thus, liability attaches only if Rudd Medical's policies are shown to be the "moving force" behind the plaintiff's injuries. *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). The plaintiff must "identify the policy, connect the policy to the [entity] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 353-64 (6th Cir. 1993).

Here, the plaintiff does not identify any official Rudd Medical policy, practice, or custom, much less contend that any official Rudd medical policy, practice, or custom caused the alleged deprivation of his rights. Because the plaintiff does not allege that the alleged violations of his rights were caused by an official Rudd Medical policy, practice, or custom, his claims against

Rudd Medical fail to state claims under Section 1983 against which relief can be granted. These claims, like the others, must be dismissed.

The court is mindful of the plaintiff's pro se status. However, even if the plaintiff had named viable defendants to this action, the complaint still would be subject to dismissal.

The Eighth Amendment to the United States Constitution requires that inmates be provided with reasonably adequate food, clothing, shelter, sanitation, recreation, and medical care. *See Grubbs v. Bradley*, 552 F. Supp. 1052, 1119-24 (M.D. Tenn. 1982). The failure to provide such necessities is a violation of an inmate's right to be free from cruel and unusual punishment. *See Bellamy v. Bradley*, 729 F.2d 416, 419 (6th Cir. 1984). The United States Supreme Court has held that deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Brooks v. Celeste*, 39 F.3d 125, 127 (6th Cir. 1994).

A claim of deliberate indifference to a prisoner's medical needs under the Eighth Amendment has both an objective and subjective component. *Rouster v. Cnty. of Saginaw*, 749 F.3d 437, 446 (6th Cir. 2014). A plaintiff satisfies the objective component by alleging that the prisoner had a medical need that was "sufficiently serious." *Id*. (quoting *Farmer*, 511 U.S. at 834). A plaintiff satisfies the subjective component "by alleging facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Id*.

Complaints of malpractice or allegations of negligence are insufficient to entitle plaintiff to relief. *Estelle*, 429 U.S. at 105-06. A prisoner's difference of opinion regarding diagnosis or treatment also does not rise to the level of an Eighth Amendment violation. *Id*. at 107. Further, where a prisoner has received some medical attention, but disputes the adequacy of that treatment,

the federal courts are reluctant to second-guess the medical judgments of prison officials and constitutionalize claims that sound in state tort law. *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). In sum, generally speaking, "[w]hen a prison doctor provides treatment, albeit carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001).

Here, the plaintiff acknowledges that he has received some medical treatment while incarcerated at the Rutherford County Adult Detention Center. He has been given an ultrasound and prescribed diuretics. Although the plaintiff believes that he should receive different or additional treatment, a prisoner's difference of opinion regarding diagnosis or treatment does not rise to the level of an Eighth Amendment violation. *See Estelle*, 429 U.S. at 107. Further, the complaint does not allege that any individual acted with deliberate indifference to the plaintiff's serious medical needs. The plaintiff's allegations therefore do not state a colorable deliberate indifference claim under Section 1983.

Finally, as to the allegation that the plaintiff's "right to health and safety was violated by being confined in a cell with another man in which the toilet did not flush, forcing [the plaintiff] to eat no further than 3 meters from human waste" (Doc. No. 1 at 6), even if the plaintiff had named an appropriate defendant, the claim would be subject to dismissal. The Constitution does not protect inmates from unpleasant experiences while incarcerated. *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir.1987). Nor does the Constitution mandate comfortable conditions of confinement. *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981); *see Waller v. Transcor Am.*, No. 3:07-0171, 2007 WL 3023827, at *6 (M.D. Tenn. Oct. 11, 2007) (citing *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir.1995) (a prisoner's mere discomfort, without more, does not offend the Eighth Amendment)).

The plaintiff has not alleged any injury or harm as a result of the alleged conditions of his confinement. Without an allegation of injury or harm, the plaintiff does not state a viable Eighth Amendment claim. *See Moore v. Merchant*, No. 5:13CV-P81-R, 2013 WL 6590395, at *4 (W.D. Ky. Dec. 16, 2013) (finding that, "[i]n any event, Merchant does not allege that he was subjected to any physical injury as a result of the actual conditions in the segregated housing unit, and 42 U.S.C. § 1997e(e) precludes any claim by a prisoner 'for mental or emotional injury suffered while in custody without a prior showing of physical injury.'").

### V. Conclusion

Having reviewed the complaint pursuant to the PLRA, the court finds that the complaint fails to state claims under Section 1983 upon which relief can be granted. All claims and defendants therefore will be dismissed.

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge

8

Case 3:22-cv-00046   Document 5   Filed 02/02/22   Page 8 of 8 PageID #: 31